UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VIDA DEAS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Case No. 3:13-cv-917 (SRU) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
|     Defendant. | : | |

**INITIAL REVIEW ORDER**

The plaintiff, Vida Deas, currently incarcerated at the Low Security Correctional Institution Allenwood, in White Deer, Pennsylvania, has filed a complaint *pro se* seeking declaratory and injunctive relief.  He names as defendants the United States of America, the Department of Justice, Eric H. Holder, Jr., and Robert S. Mueller III.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  *Id.*   In reviewing a pro se complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007).  Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  But "'[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully

pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Deas was prosecuted in federal court. *See United States v. Deas*, 3:07cr73 (CFD). In his complaint he asks the court to review various statutory provisions that were utilized in calculating his sentence. Any challenge to the plaintiff's federal conviction or the length of his sentence must be made on direct appeal or in a motion filed pursuant to 28 U.S.C. § 2255. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004)("[Section] 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence.") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). Thus, all claims challenging Deas' federal sentence are dismissed, without prejudice to pursuing them in Deas' pending federal habeas case.

## ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1)     The complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A. Deas may raise these issues in his pending case filed pursuant to 28 U.S.C. § 2255.

(2)     The Clerk is directed to enter judgment and close this case.

Entered this 15th day of July 2013, at Bridgeport, Connecticut.

        /s/ Stefan R. Underhill
        Stefan R. Underhill
        United States District Judge